UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MALLOY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>　　　　Defendants. | Case No. 2:22-cv-00286-ART-MDC<br><br>ORDER |

  Pending before the Court is Defendant Amazon.com Services LLC's ("Amazon") Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) or, in the Alternative, Motion to Certify Questions to the Nevada Supreme Court. (ECF No. 34.) Also pending is Defendant's Motion for Leave to File Document (ECF No. 50) related to its Motion for Certification. For the reasons stated, the Court will grant Defendant's Motion for Certification in part and deny it in part, deny its Motion for Leave to File Document as moot, and certify a question to the Nevada Supreme Court.

**I. BACKGROUND**

  Plaintiff Dwight Malloy filed this purported class action alleging that Nevada law entitles him and the purported class to be paid for time they allegedly spent undergoing pre-shift protective screenings for COVID-19. Plaintiff asserts claims for: (1) failure to compensate for all hours worked in violation of NRS 608.016; (2) failure to pay minimum wage in violation of the Nevada Constitution; (3) failure to pay overtime in violation of NRS 608.018; and (4) failure to timely pay all wages due and owing in violation of NRS 608.020-.050. (ECF No. 1.) In response to Defendant's initial motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC") asserting the same claims. (ECF No. 20.)

Plaintiff alleges that he worked for Amazon as an hourly, non-exempt employee from approximately August 2020 to April 2021. (*Id.* at ¶ 14.) Plaintiff worked as a "fulfillment center associate" and "[h]is job duties included moving boxes, stacking packages, and loading boxes." (*Id.*) In response to the Covid-19 pandemic, "Amazon implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a physical and medical examination to check for symptoms of the Coronavirus each shift." (*Id.* at ¶ 12.) The examination, which was undertaken on Amazon's premises prior to the start of the employees' shifts and prior to clocking-in, was a requirement to work each shift. (*Id.* at ¶¶ 12, 16.) The examination, including the time spent waiting in line, took "approximately 10 minutes to 15 minutes on average." (*Id.* at ¶ 20.) Amazon did not pay the employees for this time. (*Id.* at ¶ 12.)

Plaintiff alleges that "Amazon required Plaintiff and Class Members to undergo this screening for the purposes of overall safety in the Amazon facilities and to prevent the Plaintiff and Class Members from inadvertently and unintentionally infecting the Amazon facilities or Amazon products, and in turn, Amazon's customers." (*Id.* at ¶ 28.) Plaintiff also alleges that "[t]he COVID-19 examinations were necessary to ensure that the virus did not infect the Amazon facilities or customers" and "to ensure that the virus did not disrupt the work performed by Plaintiff and Class Members or affect the business operations of Amazon." (*Id.* at ¶ 29.) Plaintiff further alleges that the screenings were "integral and indispensable to the principal activity and primary job duty performed by Plaintiff and Class Members", (*Id.* at ¶¶ 30, 31), "for the benefit of Amazon and its customers," (*Id.* at ¶ 33), and "primarily for the benefit of Amazon," (*Id.* at ¶ 34).

Defendant moved for dismissal of the claims in Plaintiff's FAC, arguing that Covid-19 screening do not constitute "hours worked" under Nevada law because the screenings are not spent primarily for Amazon's benefit. (ECF No.

22.) Defendant further argued that time spent screening for Covid-19 was not indispensable and integral to the employees' primary duties and therefore not compensable under the Portal-to Portal Act ("PPA"), 29 U.S.C. § 251 *et. seq.* (*Id.*)

After briefing from both parties and oral argument, this Court denied the Motion to Dismiss, holding that Nevada "has not incorporated the Portal-to-Portal Act," that "Nevada law requires that an employer pay an employee for all work," and that the time spent in and waiting for Covid-19 screenings "was work." (ECF No. 34, Ex. 1 at p. 54-55.) This Court further held that it need not "address the integral and indispensable aspect of the test because that is terminology used in the compensable work framework [and] I don't think that that applies, based on the statutes and the careful analysis of the Sixth Circuit in *In re: Amazon.*" (*Id.* at 56-57.)

Following the denial of its Motion to Dismiss, Defendant filed its Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) or, in the Alternative, Motion to Certify Questions to the Nevada Supreme Court. (ECF No. 34.) Plaintiff responded (ECF No. 40), and Defendant replied (ECF No. 43). Defendant later moved for leave to file supplemental authority. (ECF No. 50.) Plaintiff responded (ECF No. 51), and Defendant replied (ECF No. 52).

**II.   DISCUSSION**

The pending motion requests that this Court either grant Defendant certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or certify questions to the Nevada Supreme Court.

Under 28 U.S.C. § 1292(b), an order "shall" be certified for interlocutory appeal by a district court if that court is "of the opinion" that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion, and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28

3

1 U.S.C. § 1292(b). The Ninth Circuit has stated that this section should only be used "in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). "The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." *Id.*

Under Nev. R. App. P. 5(a), the Nevada Supreme Court may answer questions of law certified to it by a United States District Court "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state." Generally, "[i]f the state's highest appellate court has not decided the question presented, [a federal court] must predict how the state's highest court would decide the question." *High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021). "However, if state law permits, [a federal court] may exercise [its] discretion to certify a question to the state's highest court." *Id.* In deciding whether to certify a question to a state's highest court, a federal court should consider: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Id.* (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003)).

Here, the Court finds that an unsettled question of state law is at least partially dispositive in this case. *In re: Amazon.Com, Inc. Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 905 F.3d 387, 402–04 (6th Cir. 2018) held that Nevada does not incorporate the federal PPA into its wage-hour statutes. Whether Nevada incorporates the PPA into its wage-hour statutes is dispositive on Plaintiff's claims. The Court will therefore certify the

4

following question to the Nevada Supreme Court: Does Nevada law incorporate the PPA?

Given the public policy ramifications and broad application of a determination on this question to Nevada workers and employers, the Court finds that certification of this question to the Nevada Supreme Court is appropriate.

Rule 5 also provides that a certification order must specifically address the following requirements:

> (1) The questions of law to be answered;
> (2) A statement of all facts relevant to the questions certified, identifying any facts that are in dispute;
> (3) The nature of the controversy in which the questions arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and
> (6) A brief statement explaining how the certified question of law may be determinative of the cause then pending in the certifying court;
> (7) A brief statement setting forth relevant decisions, if any, of the Supreme Court and the Court of Appeals and the reasons why such decisions are not controlling; and
> (8) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).[1] The Court will address each of these requirements below.

First, the question of law to be answered is: "Does Nevada law incorporate the PPA?"

Second, all relevant facts are set forth above, and no relevant facts are in dispute because all allegations are to be taken as true at this stage of the litigation.

Third, the nature of the controversy is set forth above.

---

[1] The Court is applying an amended version of the Rule that goes into effect in August of 2024.

5

Fourth, the moving Defendant is designated as the Appellant, and Plaintiff is designated as the Respondent.

Fifth, the names and addresses of counsel are as follows:

**Counsel for the moving Defendant**

Montgomery Y. Paek

LITTLER MENDELSON, P.C.

3960 Howard Hughes Parkway, Suite 300

Las Vegas, NV 89169-5937

**Counsel for the Plaintiff**

Esther C. Rodriguez

RODRIGUEZ LAW OFFICES, P.C.

10161 Park Run Drive, Suite 150

Las Vegas, Nevada 89145

**Co-Counsel for the Plaintiff**

Don J. Foty

HODGES & FOTY, LLP

2 Greenway Plaza, Suite 250

Houston, Texas 77046

Sixth, whether the PPA is incorporated into Nevada law is dispositive on Plaintiff's claims, as it likely determines whether time spent in Covid-19 screenings is compensable "work" in Nevada.

Seventh, neither the parties nor this Court have identified any decisions from the Nevada Supreme Court or the Nevada Court of Appeals that have addressed this question.

Eighth, all other elaboration upon the certified question is included in this Order.

### III. CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) or, in the Alternative, Motion to Certify Questions to the Nevada Supreme Court (ECF No. 34) is GRANTED IN PART and DENIED IN PART. As described in this Order, the Court CERTIFIES a question of law to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Document (ECF No. 50) is DENIED as moot.

DATED THIS 1st day of July 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE