BRADLEY J. HAMBURGER
(*admitted pro hac vice*)
MEGAN M. COONEY
(*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Email:  bhamburger@gibsondunn.com
Email:  mcooney@gibsondunn.com

ANDREW G.I. KILBERG
(*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC  20036-5306
Telephone:  202.955.8500
Email:  akilberg@gibsondunn.com

MONTGOMERY Y. PAEK
Bar No. 10176
AMY L. THOMPSON
Bar No. 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:  702.862.8800
Email:  mpaek@littler.com
Email:  athompson@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MALLOY, on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No. 2:22-cv-00286-ART-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DEADLINE TO SUBMIT A PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER PENDING THE NEVADA SUPREME COURT'S ACCEPTANCE OF AND DECISION REGARDING THE QUESTION CERTIFIED BY THIS COURT (ECF NO. 56)** |

Plaintiff DWIGHT MALLOY ("Plaintiff") and Defendant AMAZON.COM SERVICES LLC

("Amazon") ("Defendant"), by and through their counsel of record, stipulate to stay the deadline to

1  submit a proposed discovery plan and scheduling order pending the Nevada Court's acceptance of and

2  decision regarding the question certified to it by this Court on July 1, 2024.  ECF No. 56.

3      On March 2, 2023, the Court denied Defendant's Motion to Dismiss the Amended Complaint,

4  which sought to dismiss the entirety of Plaintiff's claims.  ECF Nos. 22; 30.  Thereafter, on April 3,

5  2023, Defendant filed its Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)

6  or, in the Alternative, Motion to Certify Questions to the Nevada Supreme Court (the "Certification

7  Motion").  ECF No. 34.  The Court granted the Certification Motion on July 1, 2024, certifying the

8  following question of law to the Nevada Supreme Court:  "Does Nevada law incorporate the PPA?"

9  ECF No. 56 at 5.  The Court found that the certified question "is dispositive on Plaintiff's claims, as

10  it likely determines whether time spent in Covid-19 screenings is compensable 'work' in Nevada." *Id.*

11  at 6.

12      It is well recognized that "[c]ourts have broad discretion in managing their dockets." *Byars v.*

13  *Western Best, LLC*, No. 2:19-CV-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020),

14  citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  In exercising such discretion, "courts are guided

15  by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R.

16  Civ. P. 1. The parties agree that good cause exists to continue to stay the deadline for submission of a

17  Stipulated Discovery Plan and Scheduling Order this case given the pending Order certifying a

18  question of law to the Nevada Supreme Court that "is dispositive" on Plaintiff's claims. *Schrader v.*

19  *Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14,

20  2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL

21  2302151, at *1 (D. Nev. May 21, 2024). Submission of a Stipulated Discovery Plan and Scheduling

22  Order to commence discovery pending the Nevada Supreme Court's acceptance of and decision

23  regarding the certified question (which requires no discovery) would cause unnecessary expense to

24  the parties, particularly because this is a putative class action, and potentially clog the Court's docket

25  with unnecessary discovery disputes and/or motion practice. Consistent with the foregoing, the parties

26  agree they will be in a better position to discuss the necessary scope of discovery that will be needed,

27  if any, and the amount of time necessary for both sides to gather evidence, once the Nevada Supreme

28  Court determines whether to accept the certified question and, if it does accept certification, its

decision regarding that question.

For these reasons, the parties believe it is in the interest of judicial efficiency and consistent with Rule 1 and *Schrader* to submit a Stipulated Discovery Plan and Scheduling Order after the Nevada Supreme Court returns the case to this Court.

THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiff and Defendant as follows:

1.    The deadline for the parties to submit a proposed discovery plan and scheduling order shall be stayed pending the Nevada Supreme Court's acceptance of and decision regarding the certified question; and

2.    Within **fifteen (15)** days of the return of the case to this Court from the Nevada Supreme Court, the parties will (a) meet and confer about appropriate timing for submission of a proposed Stipulated Discovery Plan and Scheduling Order and (b) submit an additional stipulation outlining their proposal for timing of the Stipulated Discovery Plan and Scheduling Order.

Dated: September 3, 2024

Respectfully submitted,

*/s/ Don J. Foty*
DON J. FOTY
HODGES & FOTY, LLP

ESTHER C. RODRIGUEZ
RODRIGUEZ LAW OFFICES, P.C.

Attorneys for Plaintiff
DWIGHT MALLOY

Dated: September 3, 2024

Respectfully submitted,

*/s/ Amy L. Thompson*
MONTGOMERY Y. PAEK
AMY L. THOMPSON
LITTLER MENDELSON, P.C.

BRADLEY J. HAMBURGER
MEGAN M. COONEY
ANDREW G.I. KILBERG
GIBSON, DUNN & CRUTCHER LLP

Attorneys for Defendant
AMAZON.COM SERVICES LLC

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE
Dated:        9/5/24

3.